IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID A. MARSHALL, | ) | No. C 09-00061 JF (PR) |
| Petitioner, | ) ) | ORDER GRANTING MOTION TO DISMISS |
| vs. | ) ) | |
| ROBERT L. AYERS, JR., Warden, | ) ) | |
| Respondent. | ) ) | (Docket No. 6) |

Petitioner, a state prisoner currently incarcerated at the San Quentin State Prison ("SQSP"), seeks petition in pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the decision by the Board of Parole Hearings (the "Board") to deny parole. Respondent has moved to dismiss the petition as untimely. (Docket No. 6.) Petitioner filed opposition, and Respondent filed a reply. For the reasons discussed below, the Court grants Respondent's motion to dismiss.

**BACKGROUND**

In 1982, Petitioner was sentenced to a term of 25 years to life in state prison after being found guilty by a jury of first degree murder and use of a deadly weapon. The Board found Petitioner unsuitable for parole after a parole suitability hearing on October

3, 2006. (Pet. 1.)

Petitioner filed a habeas petition in superior court on June 10, 2007, and was denied relief. Petitioner sought review in state appellate and high court, which denied the petition on October 22, 2008.

Petitioner filed the instant federal petition on December 16, 2008.[1]

# DISCUSSION

A. <u>Statute of Limitations</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. <u>See</u> 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post- conviction or other collateral review is pending is excluded from the one-year time limit. <u>Id.</u> § 2244(d)(2).

When the petition is directed to a denial of parole, as here, the date the statute of limitations begins to run is determined under subsection (D) of 2244(d)(1), i.e., it is the date when the factual predicate of the claim could have been discovered through the

---

[1] Respondent asserts that Petitioner signed his federal petition on December 16, 2008, but that it was not filed until January 7, 2009, and that there is no proof of service attached to the petition. Nevertheless, Respondent uses December as the earliest filing date throughout his motion. (Resp't Mot., n.2.)

exercise of due diligence, and in parole cases that usually will be the date the parole denial became final. See Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003) (limitations period began to run when BPT denied prisoner's administrative appeal challenging the BPT's decision that he was unsuitable for parole). It is undisputed that the Board's denial of parole became final on January 31, 2007. (Resp't Mot. Ex. 1, Super. Ct., Ex. A at 93.) Petitioner therefore had until January 31, 2008, to file a timely federal habeas petition. Since Petitioner did not file the petition until December 16, 2008, the petition is untimely unless it was tolled for nearly a year.

B.  Statutory Tolling

Section 2244(d)(2) tolls the one-year limitation period for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application for collateral review is "pending" in state court "as long as the ordinary state collateral review process is 'in continuance' – i.e., 'until the completion of' that process." Carey v. Saffold, 536 U.S. 214, 219-20 (2002). In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains "pending." Id. at 220.

In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. Nino v. Galaza, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). The time between a lower court decision and a filing of a new petition in a higher court is treated as time the petition is "pending" as long as the petitioner did not "unreasonably delay" in seeking review. Carey, 536 U.S. at 221-23; accord Nino, 183 F.3d at 1006 (an application for collateral review is "pending" in state court for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.") (citation omitted).

To determine whether an application was "pending" for tolling purposes, a threshold question must be whether the petitioner invoked a procedure "available" to him

under state law. See Jenkins v. Johnson, 330 F.3d 1146, 1154 (9th Cir. 2003). Thus, a federal court must determine "just when a [California] review application (i.e., a filing in a higher court) comes too late." Carey, 536 U.S. at 223. In other words, it must determine whether a petitioner "delayed 'unreasonably' in seeking [higher state court] review." Id. at 225. If so, the application would no longer have been "pending" during the period at issue. Id.

In sum, the Supreme Court held in Carey that "(1) only a timely appeal tolls AEDPA's 1-year limitations period for the time between the lower court's adverse decision and the filing of a notice of appeal in the higher court; (2) in California, "unreasonable" delays are not timely; and (3) (most pertinently) a California Supreme Court order denying a petition "on the merits" does not automatically indicate that the petition was timely filed." Evans v. Chavis, 546 U.S. 189, 197 (2006) (Ninth Circuit erred by departing from Carey when it found timely a California prisoner's request for appellate review made three years after the lower state court ruled against him); see, e.g., Welch, 350 F.3d at 1084 (petitioner not entitled to statutory tolling for four and a half years between denial of a state habeas petition in California Superior Court and filing of another petition, with different claims, in the California Supreme Court).

Respondent argues that Petitioner is not entitled to statutory tolling for the 212 days that passed between the time his state petition was denied in state superior court on August 6, 2007, until he filed the petition in state appellate court on March 5, 2008. The Supreme Court has held that "the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time,'" Evans, 546 U.S. at 197. Noting that six months is far longer than the 30 to 60 days that most states provide for filing an appeal, the Court held that an unjustified or unexplained 6-month delay between post-conviction applications in California is not "reasonable" and does not fall within Carey's definition of the term "pending." Id. The same holds here in Petitioner's case, where Petitioner delayed 7 months between filings in the state superior court and state

appellate court. See, e.g., Waldrip v. Hall, 548 F.3d 729, 735-36 (9th Cir. 2008) (holding delay of at least eight months not "reasonable" and thus not subject to tolling); Gaston v. Palmer, 447 F.3d 1163, 1167 (9th Cir. 2006) (after Evans v. Chavis, revising original opinion in 417 F.3d 1030, 1040 (9th Cir. 2005), and finding no "gap tolling" during delays of 10, 15 and 18 months between California habeas petitions). See also Chaffer v. Prosper, 542 F.3d 662, 667 (9th Cir. 2008) (holding that Saffold v. Carey, 312 F.3d 1031 (9th Cir. 2002), finding state habeas petition timely despite 4 1/2-month delay, does not stand for broad proposition that a 4 1/2-month delay is always reasonable under California law.)

Petitioner claims in opposition that he first submitted the petition to the state appellate court on August 16, 2007. (Oppo. at 2.) Petitioner attaches a copy of a letter of inquiry dated November 15, 2007, to the state appellate court in which he states that he has proof that his writ was received by the appellate court on August 17, 2007. (Oppo. Ex. 1.) Petitioner asserts that he did not become aware until December 18, 2007, that the petition had not been received by the appellate court. (Oppo. Ex. 2.) Respondent argues that Petitioner provides no evidence in support of his assertion that he filed a petition in state appellate court in August 2007, having failed to attach a copy of the delivery confirmation or return receipt. Respondent contends that Petitioner offers no explanation for why he delayed until November 2007, a period of three months, to follow up on the petition, or why he delayed another three months to re-submit the petition in March 2008. (Reply at 1.)

The Court finds that Petitioner has failed to show that he is entitled to gap tolling for the 212 days at issue. First of all, he has failed to provide evidence in support of his claim that he first filed a petition in August 2007. Furthermore, he has provided to explanation or justification for waiting three months to follow up on the petition which he allegedly filed in August 2007, and for the additional three months delay thereafter in re-submitting the petition to the state appellate court even after discovering his first petition was not received. Accordingly, Petitioner is not entitled to gap tolling for the period of

212 days, which constitutes an "unreasonable" delay. Carey, 536 U.S. at 225.

The limitations period ran for 130 days after the Board's decision became final on January 31, 2007, until Petitioner filed a petition in state superior court on June 10, 2007. There is no dispute that the limitations period was tolled for 57 days while the petition was pending in state superior court until it was denied on August 6, 2007. Petitioner is not entitled to gap tolling between the denial of the petition in state superior court until his petition was properly filed in state appellate court on March 5, 2008, because no application for review was pending in the state court during this time. See Carey, 536 U.S. at 220. Therefore, the limitations period began to run again on August 7, 2007, and was tolled on March 5, 2008, when a petition in the state appellate court was first properly filed. By that time, the limitations period had run for another 212 days. There is no dispute that Petitioner is entitled to gap tolling for the period of time his properly filed petitions were pending in state appellate court and the state high court. Adding up the days of un-tolled time (130 + 212), the limitations period had run a total of 342 days, leaving Petitioner with just 23 days remaining to file a timely petition after the California Supreme Court denied review on October 22, 2008, such that a timely petition was due no later than November 14, 2008. However, Petitioner waited 32 days before filing the instant federal habeas petition on December 16, 2008. After applying appropriate statutory tolling, the instant petition is still untimely.

C. Equitable Tolling

Petitioner is not entitled to equitable tolling either. His claim that he did not have notice that his alleged first petition in the state appellate court was not properly filed in August 2007 is not sufficient for this "extraordinary exclusion" to apply to him. Miranda v Castro, 292 F3d 1063, 1065 (9th Cir 2002) (petitioner bears burden of showing that equitable tolling should apply to him). As discussed above, Petitioner could have exercised due diligence and discovered the missing petition sooner. The federal petition filed on December 16, 2008 is untimely.

///

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition as untimely (Docket No. 6) is GRANTED. The instant petition for a writ of habeas corpus is DISMISSED.

This order terminates Docket No. 6.

IT IS SO ORDERED.

DATED: 2/24/10

_____
JEREMY FOGEL
United States District Judge

Order Granting Motion to Dismiss
P:\PRO-SE\SJ.JF\HC.09\Marshall00061_grant-mtd (untimely).wpd     7

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DAVID A MARSHALL,

        Petitioners,

  v.

ROBERT L. AYERS JR., Warden,

        Respondent.
                                         /

Case Number: CV09-00061 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   3/3/10  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David A. Marshall C-47860
San Quentin State Prison
San Quentin, CA 94964

Dated:   3/3/10

                                                  Richard W. Wieking, Clerk